# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| INGRID RAGANOVA,<br><br>    Plaintiff(s),<br><br>UNITED AIRLINES, INC., UNITED AIRLINES HOLDINGS, INC., GARRETT FOSTER, STACY KATZ, & JOHN DOES 1-100,<br><br>    Defendants. | Civil Action No.: 2:24-cv-09096<br><br>**NOTICE OF REMOVAL** |

To: The Honorable Judges
   United States District Court, District of New Jersey
   50 Walnut St #4015
   Newark, New Jersey 07102

**PLEASE TAKE NOTICE** that Defendant United Airlines, Inc. (hereinafter "United Airlines") by and through its attorneys, Nukk-Freeman & Cerra, P.C., consents and respectfully petitions this Court for the removal of the above-entitled case from the Superior Court of New Jersey, Law Division, Union County to the United States District Court, District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and, in support thereof, respectfully states as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

1. Plaintiff Ingrid Raganova ("Plaintiff") is an individual that upon information and belief resides at Avenida Amalia Rodrigues, No 10, 3A Ramada 2620-520, Portugal.

2. Defendant United Airlines is a Delaware corporation and has its principal place of business at 233 South Wacker Drive, Chicago, Illinois, 60606.

## I. BACKGROUND

3. On or about August 20, 2024, Plaintiff filed a Complaint against Defendants in the Superior Court of New Jersey, Law Division, Union County, Docket No. UNN-L-3037-24 (hereinafter the "State Court Action"), which is now pending in that court. A copy of the Complaint (with Civil Case Information Statement and Track Assignment) filed in the State Court Action, which constitute all the processes and pleadings to date, is annexed hereto as **Exhibit A**.

4. Defendant United Airlines was served with the Complaint filed in the State Court Action on or about September 3, 2024.

5. To date, the Complaint has not been served on Defendants Garrett Foster or Stacy Katz.

6. Defendant United Airlines makes its first appearance in this matter by way of this Notice of Removal and the Notice of Filing of Notice of Removal, which is being filed concurrently in the State Court Action.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332(A)

### A. DIVERSITY OF CITIZENSHIP

6. Upon information and belief, Plaintiff is a resident of Portugal. See Declaration of Dorota Karpierz in Support of Notice of Removal ("Karpierz Decl.").

1. Plaintiff's allegation in the introductory paragraph of the Complaint that she is a resident of New Jersey does not appear to be true based on United's records. Plaintiff has never provided United Airlines, her employer, with an address located in New Jersey. See Karpierz Decl. at ¶ 10. The address Plaintiff most recently provided to United Airlines (in August 2018) is located in Ramada, Portugal. See Karpierz Decl. at ¶ 6. Plaintiff's address of record with United

2

immediately prior to this change was in Florida. See Karpierz Decl. at ¶ 7. Plaintiff's paystubs and tax documents from United are all issued to Plaintiff's address in Portugal. See Karpierz Decl. at ¶8, Exhibits A and B.

2. Upon information and belief, Plaintiff has no fixed and permanent home in New Jersey, nor has she demonstrated an intent to reside in New Jersey indefinitely. See Certification of Suzanne M. Cerra, Esq. in Support of Notice of Removal ("Cerra Cert.") at ¶¶ 3-4. Regardless of whether Plaintiff maintains a residence in New Jersey (which United Airlines does not concede), for purposes of diversity jurisdiction, Plaintiff is not domiciled in New Jersey. See McCann v. Newman Irrevocable Tr., 458 F.3d 281 (3d Cir. 2006) ("the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning."); Witasick v. Hambrecht, No. CIV. 12-3755 NLH, 2013 WL 1222680, at *2 (D.N.J. Mar. 25, 2013) ("Residence and domicile are not the same for legal purposes, as residency alone does not establish citizenship.").

7. Based upon documentation provided by Plaintiff to United Airlines, Plaintiff is domiciled in Portugal.

8. Upon a good faith investigation, United Airlines has been unable to identify any public record indicating that Plaintiff currently resides, or has ever resided, in Fanwood, New Jersey, as alleged in her Complaint. See Cerra Cert. at ¶ 4.

9. Defendant Stacy Katz, who has not yet been served with the Complaint, is a resident of New Jersey.

10. Defendant Garrett Forster, who has not yet been served with the Complaint, is a resident of New Jersey.

  **B.**  **AMOUNT IN CONTROVERSY**

  11. It is apparent from the face of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of interest and costs.

  12. In the Complaint, Plaintiff asserts claims for Retaliation in violation of the New Jersey Conscientious Employee Protection Act (Count One) and Discrimination on the Basis of Age (Count Two).  See **Exhibit A**. Plaintiff seeks to recover all "damages, punitive damages, attorney's fees, costs of suit and other relief as the court deems just and proper."  Id. Assuming solely for purposes of this application that Plaintiff succeeds on her claims, her recovery could exceed $75,000.00, not inclusive of any fees, costs or interest.

**III.**  **PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

  13. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

  14. The Superior Court of New Jersey, Law Division, Union County is located within the District of New Jersey and, therefore, venue is proper in this Court pursuant to 28 U.S.C. §110 because it is "the district and division embracing the place where such action is pending."  28 U.S.C. §1441(a).

  15. Thus, the above-captioned action is a civil action in which the amount in controversy exceeds $75,000.00, and complete diversity exists such that no plaintiff is a citizen of the same state as any defendant upon whom service has been effectuated.  See 28 U.S.C. § 1332; Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990).  Therefore, this Court has diversity jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332, which may properly be removed to the Court pursuant to 28 U.S.C. § 1441, *et seq*.

16. As of this date, no hearings or proceedings have taken place in the State Court Action to Defendant's knowledge.

17. As of this date, Plaintiff has not served discovery in the State Court Action.

18. By filing this Notice of Removal, Defendant United Airlines neither admits any factual allegations, nor waives any affirmative defenses and/or preliminary objections that may be available to them under state or federal laws. Defendant United Airlines expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

19. Upon filing this Notice of Removal, Defendant United Airlines shall give written notice thereof to attorneys for Plaintiff. Defendant shall also file true and correct copies of said Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Union County.

WHEREFORE, Defendant United Airlines hereby respectfully request that the Court remove this action from the Superior Court of New Jersey, Law Division, Union County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant*
*United Airlines, Inc.*

BY: */s/ Suzanne M. Cerra*
    Suzanne M. Cerra, Esq.
    Sheryl Reba, Esq.
    Jean Schroll Knapp, Esq.
    26 Main Street, Suite 202
    Chatham, New Jersey 07928
    Telephone:    (973) 665-9100
    Facsimile:    (973) 665-9101

Dated: September 11, 2024