# EXHIBIT A

**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff

| | |
|---|---|
| INGRID RAGANOVA,<br><br>Plaintiff(s),<br><br>v.<br><br>UNITED AIRLINES, INC., UNITED AIRLINES HOLDINGS, INC., GARRETT FOSTER, STACY KATZ, & JOHN DOES 1-100,<br><br>Defendant(s), | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION- UNION COUNTY<br><br>DOCKET NO:<br><br>CIVIL ACTION<br><br><br>**COMPLAINT** |

Plaintiff Ingrid Raganova currently residing in the City of Fanwood, County of Union, State of New Jersey by way of Complaint against the defendants says:

## FIRST COUNT

1. Plaintiff Ingrid Raganova has been employed with the defendants United Airlines, Inc./United Airlines Holdings, Inc. (herein after collectively referred to as United Airlines), as a flight attendant for approximately 27 years.

2. Defendant United Airlines is a publicly traded company through its parent company, United Airlines Holdings, Inc., with their Headquarters in Chicago, Illinois, and their main hub located in Newark, New Jersey, which is where Plaintiff is employed.

3. Defendants Garrett Foster, Assistant Manager of the International Purser Program, and Stacy Katz, Inflight Base Director, were at all times mentioned herein, and still to this date are believed to be, employees of Defendant United Airlines and Plaintiff's supervisors. These individual Defendants were acting within the scope of their employment with Defendant United Airlines at all times mentioned herein this Complaint.

1

4. For the past two and a half years, Defendant Foster, in his capacity as an employee of United Airlines, has created a consistent pattern of continuous harassment and retaliation against Plaintiff due to Plaintiff's consistent reporting of Federal Aviation Administration violations, United Airlines Policies and Procedures violations, safety violations, and operational issues she has noticed in her position as an international purser with Defendant United Airlines.

5. Plaintiff, on numerous occasions, informed and communicated via company mandated written reports and emails with Defendant Foster specific violations, such as when the gate agent at LAX (Los Angeles), without authorization, closed an aircraft's door in a rush to try and force the flight to take off faster than need be. This gate agent did not consult the crew, per United Airlines Policies and Procedures, to see if it was safe and appropriate to close the door, as the aisles were still filled with passengers' luggage and the overhead bins were clearly open as passengers were all over the aircraft still attempting to stow their luggage before taking their seats. This is against FAA policies/regulations and warrants a substantial fine against United Airlines. Instead of performing a proper investigation on the event, Defendant Foster chose to reprimand the Plaintiff and put her under a severe two (2) year verbal warning on her record for being unprofessional. On a more recent flight, a flight attendant was in the jump seat area with his earphones turned on, watching video content on his personal device during the flight, which is against policy of the Defendants, presents a workplace safety issue, and is cause for termination. This individual also refused to help tidy up the lavatory, which is a required part of the job description, when asked to assist Plaintiff, stating, "I don't do lavatories." Plaintiff reported this event and rather than have Defendants address the issues with the flight attendant, Plaintiff had fabricated reports issued against her by the same flight attendant and one of his colleagues, who was not even present during the exchange. Plaintiff also reported an incident on the same flight wherein a fellow flight attendant threatened to throw hot boiling water at her if she went near the first flight attendant again, only to have false retaliatory complaints issued against her rather than

2

have Defendant Foster address the situation appropriately. Again, instead of pursuing a proper investigation of events and the conduct of non-compliant flight attendants during the flight, Defendant Foster used this opportunity to further retaliate against the Plaintiff and issued a damaging and unjustified Level 2 Disciplinary Action with a duration of eighteen (18) months, further threatening the Plaintiff's record and livelihood. In addition, Defendant Foster took it a step further and removed the International Purser position from the Plaintiff, demoting her to Flight Attendant as part of a continuous pattern of many adverse actions taken against Plaintiff by the Defendants. Plaintiff further issued a complaint for an employee text messaging during takeoff, which is dangerous and not permitted pursuant to policy of the Defendants and FAA regulations. Despite numerous similar complaints on serious safety and workplace violations, along with FAA violations, Defendant Foster and/or Human Resources took no action even though Plaintiff continuously requested assistance and guidance in dealing with flight attendants that refuse to comply with the law and the Defendants policies and procedures.

6. Eventually, and after being deliberately ignored while seeking guidance and receiving no answers to any email sent to Defendant Foster on relevant violations taking place during flights, Plaintiff was forced to seek help from other resources within the organization and addressed Stacy Katz (via email, while still also emailing Defendant Foster directly) with safety and FAA policy related issues Plaintiff was being subjected to during flights. Plaintiff had continued to report relevant safety and work-related non-compliance events to Defendant Foster, as her supervisor, even though he chose to isolate and ignore the Plaintiff by offering no response. Plaintiff was forced to address the chain of command and informed Defendant Stacy Katz via email, along with Defendant Foster copied to the email, since Defendant Foster had treated email communications from the Plaintiff with deliberate ignorance and silence and had taken no actions to address these issues in the past. This made Defendant Foster extremely upset and caused further retaliation for Plaintiff relaying these safety related issues known to Defendant Foster's supervisor, Defendant

3

Katz. Supervisor Derek Stone (Plaintiff's former roommate and close associate of Defendant Foster) stated to the Plaintiff, "don't cc Stacy (Katz) because Garrett (Foster) is very upset." It was made clear to Plaintiff that Defendant Foster and Mr. Derek Stone had direct communication on the subject, and Mr. Stone relayed the message to the Plaintiff. The retaliation and harassment toward the Plaintiff, and failure by Defendant Foster to perform his duties as a supervisor became even more obvious and pronounced.

7. Plaintiff then noticed the retaliation and hostility was increasing as coworkers became hostile and confrontational to Plaintiff for her dedication to follow United Airlines Policies and Procedures as properly as she could and as she was instructed to do, and for not allowing a reduction in service quantity and quality to passengers or avoidance of aircraft maintenance duties by flight attendants who refuse to follow their job description. Some of these flight attendants who defied their job description, and the authority and guidance of the Plaintiff, in her capacity as an International Purser, filed frivolous retaliatory and mendacious reports against the Plaintiff. Defendants Foster and Katz were dismissive of Plaintiff's professional reports on policy violations, but chose to ascribe veracity and weight to others complaints, and accept two fabricated and unsubstantiated reports by flight attendants against Plaintiff, and disproportionately admonished and punished the Plaintiff based on these untrue reports from flight attendants who consistently refused to fulfill their duties as delineated in the United Airlines Flight Attendant job description. In fact, Defendant Foster even demoted Plaintiff from her Purser position back to a Flight Attendant position out of retaliation for Plaintiff reporting the safety issues, FAA violations, and United Airlines policy violations she has witnessed on flights that she has been employed on. Furthermore, on two occasions, Defendant Foster placed long and unjustified disciplinary warnings (two years for the first warning and 18 months for the second warning) on the Plaintiff's file, based on a baseless gate agent's report, and the aforementioned two flight attendants fabricated reports, which places the Plaintiff unjustifiably close to potential termination. Even

4

flight attendant union representatives commented that such warnings were completely overboard and unjustified. In addition, none of these reported events were properly investigated by the Defendants as the parties involved never received any calls or inquiries from management or human resources. These deliberate actions by Defendants Foster and Katz carried out systematically over a period of two and a half years, constituting retaliation and harassment for the Plaintiff's reporting of FAA violations and violations of United Airlines policies and procedures, and thus created and enabled, whether by action or inaction, a highly toxic and hostile work environment.

8. Plaintiff in March of 2023 took a flight from Lisbon, Portugal to Newark as a first-class paying passenger and was met with extreme hostility by a United Airlines flight attendant she had never met. Flight attendant Sandra Valentine never flew with Plaintiff and has no work experience with her. However, Plaintiff overheard Ms. Valentine say, "I'm not serving her." This was further confirmed when Ms. Valentine was heard saying by the flight's purser, Mr. Nuno Figueira, "I'm not serving her, she's a bitch," referencing Plaintiff. Mr. Nuno Figueira shared this information with Plaintiff, a colleague purser, and apologized to Plaintiff. Plaintiff then wrote a report as a passenger about this event, and no remedial actions were ever taken. Plaintiff was never contacted, and neither was the purser.

9. Plaintiff continued to report safety issues, FAA violations, United Airlines policy violations, and the retaliation, harassment and bullying she was facing from reporting these issues as she was required to do, only to discover on June 1, 2024 that a mass social media posting was sent out within Defendant United Airlines employees about Plaintiff, labeling her a "snitch." Defendant Katz was made aware of the aforementioned issues over time, and specifically the damaging "Snitch ALERT" online harassment, to which Defendant Katz stated via email, "I wish I could do something more to help." Defendant Katz is, in fact, the Newark/New York (EWR) Base Director, and is very much in a position to stop harassment, retaliatory and improper behavior

5

by Defendant Foster and others in her organization. Defendant Katz and her entire In-Flight organization's choice to continue to allow, enable, and protect inacceptable harassing and retaliatory behavior by her supervisors, some of them with multiple complaints filed against them by flight attendants over the years, brings to light a work culture at United Airlines in which, harassment, bullying, intimidation, defamation of character, and retaliation continue to exist and thrive. (See posting referenced below).



10. Since this social media posting was issued to what is believed to be approximately 25,000 flight attendants within Defendants' network, Plaintiff has noticed she has been treated significantly worse and is being subjected to an extremely toxic work environment and met with hostility on almost every flight she has to take. Plaintiff is being addressed with confrontational tones from people she has never met before, and even stared at and pointed at by flight attendants speaking in low tones in the crew room and airport terminals. A flight attendant, named Clemente (a friend of Supervisor Derek Stone), also said that if he sees Plaintiff as an international purser on a future flight, he is dropping all flights on his schedule with her. Other flight attendants have been

6

overheard stating, "we have to get rid of these 'senior mamas,'" making reference to the Plaintiff's age as well.

11. Plaintiff now cannot sleep, has constant pain emotionally, has had to use personal days to stay home from work due to the anxiety and depression she has suffered from, and is paralyzed with fear from the hostility from people she has never even met. Plaintiff has sought the care of a psychiatrist and is undergoing medical treatment.

12. Plaintiff was demoted and subjected to severe retaliatory actions and hostility due to reporting employees to Human Resources and Management for violations of workplace safety, FAA violations, Defendants' own policies' violations, and harassment and bullying she now suffers from continuously, and having to continue to report the same due to the individually named Defendants who took no adequate remedial actions to address Plaintiff's reported event complaints, as is required of her.

13. The Defendants' conduct as aforementioned in creating a hostile work environment, harassing the Plaintiff, failing to investigate complaints made, and demoting the Plaintiff constituted adverse employment actions all in violation of the New Jersey Conscientious Employee Protection Act NJSA 34:19-1 et seq. due to Plaintiff reporting employees and reporting work safety issues on multiple occasions as set forth above for the creation and maintenance of unsafe work conditions in violation of State and Federal work safety laws and regulations, and FAA violations, and for objecting to Defendants condoning the same and failing to remediate the same.

14. It is further alleged that the Defendant United Airlines is vicariously liable for the retaliatory actions of their agents, servants, and employees, and individual Defendants, pursuant to Principals of Respondeat Superior, Agency and Master Servant.

15. It is further alleged that the individual Defendants are each individually liable under CEPA as well.

16. As a direct and proximate result of the actions and the failure to act of the Defendants as set forth above, the Plaintiff has been proximately caused to experience severe emotional distress, mental anguish, embarrassment, shock, humiliation, physical injury and illness and has been forced to endure a hostile work environment and has been demoted, suffered damage to her personal and professional reputation, thereby suffering a loss of past and future income and benefits all to her detriment.

17. As a result of the intentional and deliberate conduct of the Defendants aforementioned, Plaintiff is also entitled to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative for damages, punitive damages, attorney's fees, interest, cost of suit and such other relief as the court deems just and proper.

## **SECOND COUNT**

1. Plaintiff repeats the allegations set forth in the First Count of this Complaint as if fully set forth herein at length.

2. As flight attendants have been overheard stating, "we have to get rid of these 'senior mamas,'" making reference to the Plaintiff's age, Plaintiff has also witnessed the Defendants replacing older flight attendants with younger flight attendants by wrongfully establishing a pattern and practice of removing older aged flight attendants to replace them with younger aged employees.

3. It is alleged that the Defendants demoted Plaintiff and further have been attempting to falsely discipline Plaintiff to remove her from her department entirely and create a hostile work environment for Plaintiff as a result of her age, as Defendants have shown a practice of favoring younger employees who have issued complaints that resulted in disciplinary actions taken against Plaintiff, but when Plaintiff issues a complaint she is ignored or instead subjected to disciplinary actions taken against her.

8

4. The Defendants' actions in utilizing Plaintiff's age as a substantial factor and criteria in demoting her from a position she was qualified for with the Defendant United Airlines, and subjecting her to a hostile work environment, constituted a violation of New Jersey Law Against Discrimination, NJSA 10:5 – 1 et seq.

5. As a direct and proximate result of the defendants wrongfully demoting the plaintiff in violation of public policy, the plaintiff was caused to suffer loss of past and future wages and benefits, emotional distress, mental anguish, shock, embarrassment and humiliation and such other damages all to her detriment.

6. The actions of the defendants and each of them were intentional, deliberate and calculated to cause the plaintiff harm and as such the plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative for damages, punitive damages, attorney's fees, interest, cost of suit and such other relief as the court deems just and proper.

### THIRD COUNT

1. Plaintiff repeats the allegations set forth in the First and Second Counts of this Complaint as if fully set forth herein at length.

2. At the aforesaid time and place, the defendants John Does 1-100 were an unknown person or persons whose actions caused and/or contributed, directly or indirectly, to the conduct herein and the injuries and damages suffered by the plaintiff.

3. The plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals who may be responsible in whole or in part. For the purpose of the within complaint, said individuals have been nominated as John Does 1-100. The Plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserves the right to

amend the within complaint relative to additional Defendants when, and if, the identity of said individuals or business entities becomes known.

4. As a direct and proximate result of the aforementioned actions and failure to act of the defendants, John Does 1-100, plaintiff has been caused severe emotional distress, mental anguish and a loss of past and future wages and benefits all to her detriment.

WHEREFORE, plaintiff demands Judgment against defendants, John Does 1-100 for damages plus interest, attorney fees and costs of suit.

## JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

## DESIGNATION OF TRIAL COUNSEL

David R. Castellani, Esquire, is hereby designated as trial counsel in this matter.

## CERTIFICATION UNDER RULE 4:5-1

I, David R. Castellani, Esquire, by certifying, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court of the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true and accurate to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

Date: 8/20/2024

/s/ *David R. Castellani*
DAVID R. CASTELLANI, ESQUIRE
Attorneys for Plaintiff(s)

# Civil Case Information Statement

**Case Details: UNION | Civil Part Docket# L-003037-24**

| | |
|---|---|
| **Case Caption:** RAGANOVA INGRID VS UNITED AIRLINES, INC. | **Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) |
| **Case Initiation Date:** 08/20/2024 | **Document Type:** Complaint with Jury Demand |
| **Attorney Name:** DAVID ROCK CASTELLANI | **Jury Demand:** YES - 6 JURORS |
| **Firm Name:** CASTELLANI LAW FIRM, LLC | **Is this a professional malpractice case?** NO |
| **Address:** 450 TILTON ROAD SUITE 245 NORTHFIELD NJ 08225 | **Related cases pending:** NO |
| **Phone:** 6096412288 | **If yes, list docket numbers:** |
| **Name of Party:** PLAINTIFF : Raganova, Ingrid | **Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO |
| **Name of Defendant's Primary Insurance Company (if known):** Unknown | **Does this case involve claims related to COVID-19?** NO |
| | **Are sexual abuse claims alleged by: Ingrid Raganova?** NO |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| 08/20/2024 | /s/ DAVID ROCK CASTELLANI |
| Dated | Signed |

```
UNION COUNTY SUPERIOR COURT
2 BROAD STREET
CIVIL DIVISION
ELIGZABETH          NJ 07207
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (908) 787-1650
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    AUGUST 20, 2024
                         RE:      RAGANOVA INGRID  VS UNITED AIRLINES, INC .
                         DOCKET:  UNN L -003037 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON MARK P. CIARROCCA

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (908) 787-1650 EXT 21493.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                      ATT: DAVID R. CASTELLANI
                                      CASTELLANI LAW FIRM, LLC
                                      450 TILTON ROAD
                                      SUITE 245
                                      NORTHFIELD       NJ 08225


ECOURTS
```