# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| INGRID RAGANOVA, | : | Civil Action No.: 2:24-cv-09096 -WJM-SDA |
|  | : |  |
| Plaintiff(s), | : |  |
|  | : |  |
| v. | : | **DEFENDANT UNITED AIRLINES,** |
|  | : | **INC.'S ANSWER AND AFFIRMATIVE** |
|  | : | **DEFENSES TO** |
| UNITED AIRLINES, INC., UNITED | : | **PLAINTIFF'S COMPLAINT** |
| AIRLINES HOLDINGS, INC., GARRETT | : |  |
| FOSTER, STACY KATZ, & JOHN DOES | : |  |
| 1-100, | : |  |
|  | : |  |
| Defendants. | : |  |

Defendant United Airlines, Inc. ("United"), by and through its attorneys, Nukk-Freeman & Cerra, P.C., respectfully answers Plaintiff Ingrid Raganova's ("Plaintiff") Complaint with Jury Demand ("Complaint") as follows:

## FIRST COUNT

1.      Defendant United admits that Plaintiff has been employed as a flight attendant by Defendant United Airlines, Inc. since in or around March 1998. Defendant United denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.      Defendant United admits that United Airlines, Inc. is a wholly owned subsidiary of United Airlines Holdings, Inc., a publicly traded corporation. Defendant United further admits that it is headquartered in Chicago, Illinois and maintains a hub at Newark Liberty International Airport ("EWR"), where Plaintiff is based. Defendant United denies the remaining allegations set forth in Paragraph 2 of the Complaint.

3.      Defendant United admits that Garrett Foster, Assistant Manager – Inflight, and Stacy Katz, Director, Inflight Base Operations at Newark Airport, are employed by United. Defendant United denies the remaining allegations set forth in Paragraph 3 of the Complaint.

4.      Defendant United denies the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendant United admits that Plaintiff informed Defendant Foster of certain incidents, including that: prior to a flight departure from Los Angeles (LAX), a gate agent briefly closed the aircraft cabin door without communicating with the purser onboard, that another flight attendant allegedly used his earbuds to watch a video during a flight and refused to tidy up a lavatory, and that the same flight attendant threatened to throw hot water at Plaintiff. Defendant United further admits that, following the thorough investigation of an unrelated incident, Plaintiff received a Level 2 Disciplinary Action, which automatically disqualified her from holding a purser position. Defendant United denies the remaining allegations set forth in Paragraph 5 of the Complaint. To the extent the allegations in Paragraph 5 imply any wrongdoing on the part of Defendant United or suggest that the Disciplinary Action issued to Plaintiff was related to her reporting these incidents, Defendant United denies each and every such allegation.

6.      The allegations contained in Paragraph 6 of the Complaint refer to emails that are written documents that speak for themselves and to which no response is required. To the extent a response is deemed to be required, Defendant United admits that Plaintiff emailed Defendant Katz, copying Defendant Foster with concerns, but denies that Plaintiff's concerns were ignored. Defendant United denies the remaining allegations contained in Paragraph 6 of the Complaint. To the extent the allegations in Paragraph 6 imply any wrongdoing on the part of Defendant United, Defendant United denies each and every such allegation.

7.      Defendant United admits that multiple other flight attendants filed complaints

regarding Plaintiff's behavior, and that Plaintiff was issued a verbal warning and subsequently received a Level 2 Disciplinary Action, which automatically disqualified her from holding a purser position. Defendant United denies the remaining allegations contained in Paragraph 7 of the Complaint. To the extent the allegations in Paragraph 7 imply any wrongdoing on the part of Defendant United, Defendant United denies each and every such allegation.

8.    Defendant United admits that Plaintiff submitted a passenger report following a March 2023 flight. Defendant United is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 8 of the Complaint, and leaves Plaintiff to her proofs. To the extent the allegations in Paragraph 8 imply any wrongdoing on the part of Defendant United, Defendant United denies each and every such allegation.

9.    Defendant United admits that Defendant Katz is the Director of Inflight Base Operations at Newark Airport. The social media post and email referenced in Paragraph 9 are written documents that speaks for themselves. To the extent a response is deemed to be required, Defendant United admits that Plaintiff notified Defendant Katz of a social media post labeling Plaintiff a "snitch."  Defendant United denies the remaining allegations contained in Paragraph 9 of the Complaint, including that the purported quotation is a complete and accurate recitation of the email in question. To the extent the allegations in Paragraph 9 imply any wrongdoing on the part of Defendant United, Defendant United denies each and every such allegation.

10.    Defendant United is without knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the Complaint, and leaves Plaintiff to her proofs. To the extent the allegations in Paragraph 10 imply any wrongdoing on the part of Defendant United, Defendant United denies each and every such allegation.

11.    Defendant United is without knowledge or information sufficient to admit or deny

the allegations in Paragraph 11 of the Complaint, and leaves Plaintiff to her proofs. To the extent

the allegations in Paragraph 11 imply any wrongdoing on the part of Defendant United,

Defendant United denies each and every such allegation.

12.    Defendant United denies the allegations contained in Paragraph 12 of the

Complaint.

13.    Defendant United denies the allegations contained in Paragraph 13 of the

Complaint.

14.    Defendant United denies the allegations contained in Paragraph 14 of the

Complaint.

15.    Defendant United denies the allegations contained in Paragraph 15 of the

Complaint.

16.    Defendant United denies the allegations contained in Paragraph 16 of the

Complaint.

17.    Defendant United denies the allegations contained in Paragraph 17 of the

Complaint.

WHEREFORE, Defendant United denies that Plaintiff is entitled to judgment against it,

or any relief whatsoever as alleged in the Complaint, including but not limited to all relief

demanded in Plaintiff's WHEREFORE clause. Defendant United prays that its Answer to

Plaintiff's Complaint and Affirmative Defenses be deemed good and sufficient, that its defenses

be maintained, and that after due proceedings, there be judgment rendered herein in favor of

Defendants, rejecting Plaintiff's demands, and dismissing the entirety of Plaintiff's Complaint

with prejudice, at Plaintiff's cost. Defendant United also request that it be awarded court costs,

attorneys' fees, and any other legal, equitable, and/or declaratory relief that this Court may deem

just and appropriate.

## SECOND COUNT

1.    Defendant United repeats and realleges its responses set forth in the preceding

paragraphs as if fully set forth herein. [1]

2.    Defendant United is without knowledge or information sufficient to admit or deny

the allegations in Paragraph 2 of the Second Count of the Complaint that Plaintiff overheard

unidentified flight attendants make these alleged statements, and leaves Plaintiff to her proofs.

Defendant United denies the remaining allegations contained in Paragraph 2 of the Second Count

of the Complaint.

3.    Defendant United denies the allegations set forth in Paragraph 3 of the Second

Count of the Complaint.

4.    Defendant United denies the allegations set forth in Paragraph 4 of the Second

Count of the Complaint.

5.    Defendant United denies the allegations set forth in Paragraph 5 of the Second

Count of the Complaint.

6.    Defendant United denies the allegations set forth in Paragraph 6 of the Second

Count of the Complaint.

WHEREFORE, Defendant United denies that Plaintiff is entitled to judgment against it,

or any relief whatsoever as alleged in the Complaint, including but not limited to all relief

demanded in Plaintiff's WHEREFORE clause. Defendant United prays that its Answer to

Plaintiff's Complaint and Affirmative Defenses be deemed good and sufficient, that its defenses

---

[1] Plaintiff restarts the Second Count at Paragraph 1. As such, Defendant United has used similar numbering in its Answer.

be maintained, and that after due proceedings, there be judgment rendered herein in favor of Defendants, rejecting Plaintiff's demands, and dismissing the entirety of Plaintiff's Complaint with prejudice, at Plaintiff's cost. Defendant United also request that it be awarded court costs, attorneys' fees, and any other legal, equitable, and/or declaratory relief that this Court may deem just and appropriate.

## THIRD COUNT

1.      Defendant United repeats and realleges its responses set forth in the preceding paragraphs as if fully set forth herein.

2.      The allegations contained in Paragraph 2 of the Third Count of the Complaint are not directed at Defendant United, and therefore, no response is required. To the extent these allegations imply any wrongdoing on the part of Defendant United, Defendant United denies each and every such allegation.

3.      The allegations contained in Paragraph 3 of the Third Count of the Complaint are not directed at Defendant United, and therefore, no response is required. To the extent these allegations imply any wrongdoing on the part of Defendant United, Defendant United denies each and every such allegation.

4.      The allegations contained in Paragraph 4 of the Third Count of the Complaint are not directed at Defendant United, and therefore, no response is required. To the extent these allegations imply any wrongdoing on the part of Defendant United, Defendant United denies each and every such allegation.

WHEREFORE, Defendant United denies that Plaintiff is entitled to judgment against it, or any relief whatsoever as alleged in the Complaint, including but not limited to all relief

demanded in Plaintiff's WHEREFORE clause. Defendant United prays that its Answer to Plaintiff's Complaint and Affirmative Defenses be deemed good and sufficient, that its defenses be maintained, and that after due proceedings, there be judgment rendered herein in favor of Defendants, rejecting Plaintiff's demands, and dismissing the entirety of Plaintiff's Complaint with prejudice, at Plaintiff's cost. Defendant United also request that it be awarded court costs, attorneys' fees, and any other legal, equitable, and/or declaratory relief that this Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES

1.    The Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted.

2.    The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

3.    The Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

4.    Plaintiff has not suffered any damages as the result of Defendant United's alleged conduct.

5.    Plaintiff was not denied any rights or benefits to which she was entitled under the applicable federal, state, and/or local law.

6.    Plaintiff did not engage in any activity protected under the New Jersey Conscientious Employee Protection Act.

7.    Plaintiff did not engage in any activity protected under the New Jersey Law Against Discrimination.

8.    Defendant United did not discriminate or retaliate against Plaintiff, intentionally

or otherwise. Any employment-related actions taken against Plaintiff were for non-discriminatory, non-retaliatory, legitimate business reasons, and/or reasonable factors other than unlawful bias or Plaintiff's age or alleged protected conduct.

9.      Plaintiff's claims of retaliation and discrimination are barred on the grounds that Plaintiff was not treated less favorably than any similarly situated individual.

10.     Plaintiff's claims are barred because Defendant United exercised reasonable care to prevent and correct any alleged discriminatory, retaliatory, or harassing behavior. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

11.     Plaintiff cannot establish that any alleged retaliation or discrimination occurred because of any protected characteristic.

12.     Plaintiff cannot establish a *prima facie* case of retaliation or discrimination under any federal, state, or local law.

13.     To the extent that Plaintiff has failed to mitigate, minimize, or avoid any damages allegedly sustained, any recovery against Defendant United must be reduced.

14.     Plaintiff's damages, if any, were caused, in whole or in part, by Plaintiff's own conduct, negligence, or omissions.

15.     Plaintiff's damages, if any, were caused by the acts or omissions of third parties over whom Defendant United had no control or right of control.

16.     Plaintiff's damages, if any, were caused by the acts or omissions of Plaintiff.

17.     Defendant United did not proximately cause any damages, injuries or other losses alleged by Plaintiff.

18.     While Defendant United maintains that Plaintiff states no cause of action and denies the allegations in the Complaint, Defendant United further answers in the alternative that the sole proximate cause of Plaintiff's claims and alleged injuries/damages, if any, was Plaintiff's own conduct or the conduct of third parties for which Defendant United is not liable.

19.     At all times relevant to this matter, Defendant United acted in good faith and in accordance with all applicable laws, regulations, and standards.

20.     Plaintiff has failed to plead a sufficient basis for the recovery of punitive damages.

21.     Defendant United has not engaged in any willful, wanton, malicious, intentional, outrageous, reckless, or callously indifferent conduct towards Plaintiff in violation of any legally or equitably protected right.

22.     To the extent Defendant United's employees were acting outside the course and scope of their employment, Defendant United is not liable for their actions. Further, Defendant United is not liable for the actions of third parties under any theory, including but not limited to the joint employer, agency, or respondent superior theories.

23.     Defendant United has promulgated and implemented policies and procedures to comply with federal, state, and local laws prohibiting unlawful discrimination and retaliation such that Defendant United is not liable for damages for any actions which were contrary to its good faith efforts to comply with federal, state, and local laws.

24.     Defendant United is not liable for conduct as alleged by Plaintiff of which it had no knowledge, actual or constructive, and against which it maintains an express policy that is effectively disseminated.

25.     Plaintiff's claims for damages and other relief are barred in whole or part by the after-acquired evidence doctrine.

26.     Some or all of Plaintiff's claims are frivolous and/or brought in bad faith.

27.     Defendant United is entitled to all just and lawful offsets and credits against the damages (if any) to which Plaintiff may be entitled.

28.     Defendant United denies all liability and denies that Plaintiff sustained any damages as a result of Defendant United's conduct and/or the conduct of its employees.

29.     The Complaint fails to state a cause of action upon which an award of attorneys' fees can be granted.

30.     Plaintiff was a member of the Association of Flight Attendant ("AFA") and the terms of her employment was governed by a collective bargaining agreement ("CBA") between United and the AFA. To the extent Plaintiff's claims require interpretation of the provisions of the CBA, including, without limitation, Plaintiff is required to abide by the grievance and arbitration provisions of the CBA and the instant action is precluded.

31.     Plaintiff's claims are barred in whole or in part by the Railway Labor Act ("RLA"), 45 U.S.C. §151.

32.     Defendant United is entitled to reasonable attorneys' fees and court costs from Plaintiff given the frivolous nature of these claims.

33.     The Complaint contains insufficient information to permit Defendant United to raise all available defenses and Defendant United therefore reserves its rights to amend and/or supplement this Answer and these defenses and to assert additional defenses, and any counter claims, cross claims and/or third party demands it may discover during additional investigation and discovery.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L. Civ. R. 8.1, Defendant United demands a written statement of damages claimed by Plaintiff in the Complaint within fourteen (14) days of service of the within Answer.

## L. CIV. R. 11.2 CERTIFICATION

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any Court, arbitration, or administrative proceeding. There are no other parties currently known who should be joined in this action.

**NUKK-FREEMAN & CERRA, P.C.**

*Attorneys for Defendant United Airlines, Inc.*

BY: */s/ Suzanne M. Cerra*
        Suzanne M. Cerra, Esq.


Dated:  October 7, 2024

11

## CERTIFICATION OF SERVICE

I hereby certify that on the below date, my office caused a copy of the foregoing document to be electronically served upon all counsel of record via the Court's electronic filing system.

**NUKK-FREEMAN & CERRA, P.C.**

*Attorneys for Defendant United Airlines, Inc.*

BY: */s/ Suzanne M. Cerra*
       Suzanne M. Cerra, Esq.

Dated: October 7, 2024