UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INGRID RAGANOVA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., *et al.*,<br><br>Defendants. | Civil Action No. 2:24-cv-9096 (WJM) (SDA)<br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 of the Federal Rules of Civil Procedure on **December 13, 2024** and for good cause shown:

**IT IS, on this 13th day of December, 2024,** hereby **ORDERED THAT:**

### I. DISCLOSURES

1.  Fed. R. Civ. P. 26 initial disclosures are to be exchanged by **December 20, 2024.**

2.  The parties shall participate in an e-discovery conference pursuant to Local Civ. R. 26.1(d) by **January 10, 2025.**

3.  If applicable, a Local Civil Rule 7.1.1 statement shall be filed within **ten (10) days** of this Order.

### II. FACT DISCOVERY

4.  Fact discovery shall be completed by **September 30, 2025.** No fact discovery may be issued or engaged in beyond that date, except upon application and for good cause shown.

5.  Initial discovery requests shall be served by **January 17, 2025.**

6.  Interrogatories are limited to twenty-five (25) single questions, inclusive of sub-parts, absent leave of Court.

7.  Responses to discovery requests shall be served within thirty (30) days of receipt pursuant to Fed. R. Civ. P. 33 and 34. Full compliance with Local Civ. R. 33.1 and 34.1 is expected, and a privilege log should be served for any documents or information withheld on the grounds of privilege.

8. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed before the close of fact discovery. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. Absent stipulation of all parties or leave of Court, each party shall be limited to **five (5)** depositions. *See* Fed. R. Civ. P. 30(a)(2).

### III. EXPERT DISCOVERY

9. Counsel for the parties in this matter indicated that they wisht to file dispositive motions BEFORE engaging in expert discovery, as the expert discovery will deal solely with damages and will not pertain to any substantive issues as to the merits of the claims. Accordingly, dispositive motions in this matter shall occur BEFORE the parties engage in expert discovery.

10. All affirmative expert reports shall be served within **30 days of the Court's disposition of any dispositive motions.** Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

11. All responding expert reports shall be served **90 days after receipt of affirmative reports.** Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

12. No expert shall testify at trial as to any opinions, or base those opinions, on facts not substantially disclosed in his or her report.

13. Expert discovery, including the depositions of any expert witnesses, shall be completed by **45 days after responsive expert reports are due.**

### IV. DISCOVERY CONFIDENTIALITY ORDERS

14. Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. Unless good cause is shown, the parties shall use the form included in Appendix S to the Local Civil Rules. If the proposed order differs from Appendix S, the parties must submit (i) a clean version of the proposed order that is ready for signature; and (ii) a red-lined version of the proposed order that delineates how it differs from Appendix S.

### V. DISCOVERY DISPUTES

15. Counsel shall confer in a good faith attempt to informally resolve any and all discovery or case management disputes **before** seeking the Court's intervention. Any dispute not resolved after counsel's good faith attempt shall be brought to the Court's attention by letter, no longer than 3 pages in length. In the letter, counsel shall describe the dispute with particularity and advise the Court of the specific efforts that were made to resolve the dispute before contacting

the Court. **No discovery motion shall be filed without prior leave of Court.** *See* L. Civ. R. 37.1(a)(1); *see also* L. Civ. R. 16.1(f)(1).

## VI.  MOTIONS

16. **No motions are to be filed without leave of Court, with the exception of motions in lieu of Answer under Fed. R. Civ. P. 12.** These prerequisites must be met, or the motion will be administratively terminated without prejudice. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and other applicable local and federal rules.

17. Unless otherwise directed by the Court, dispositive motions shall be filed within **60 days** of the close of fact discovery. All dispositive motions must first be subject to a pre-hearing conference. Discovery generally must be completed prior to the filing of a dispositive motion.

18. Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed by **March 31, 2025.** Before seeking Court leave to file a motion to amend a pleading, a party shall provide a draft of the proposed amended pleading to all parties in an effort to obtain consent to the amendment. Any request for leave of the Court to file a motion to amend shall attach, as an exhibit, a red-lined version of the proposed amended pleading delineating how it differs from the previous pleading. *See* Local Civ. R. 15.1.

## VII.  FUTURE CONFERENCES

19. There shall be a status conference before the undersigned via video conference on **March 14, 2025** at **12:00 pm.** The parties shall file a joint status letter, no longer than three (3) pages in length, no later than five (5) days before the conference. Microsoft Teams login credentials will be provided.

20. The Court may from time-to-time schedule further conferences and/or a settlement conference as may be required, either *sua sponte* or at the request of a party. Counsel should be prepared to discuss settlement at every conference with the Court.

## VIII.  FINAL PRETRIAL CONFERENCE

21. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) on a date to be determined.

22. All counsel are directed to assemble at the office of Plaintiff's counsel not later than fourteen (14) days before the final pretrial conference to prepare the Final Pretrial Order in compliance with the form and content requirements of the Court. Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

23. The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than **five (5) full business** days before the final pretrial conference. All parties are responsible for the timely submission of the Final Pretrial Order.

### IX.   MISCELLANEOUS

24. Since all dates set forth herein are established with the assistance and knowledge of counsel and/or the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

25. A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or it may be disregarded by the Court.

26. **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

                                                 _/s/ Stacey D. Adams_
                                                 Hon. Stacey D. Adams
                                                 United States Magistrate Judge

Original:     Clerk of the Court
cc:            Hon. William J. Martini, U.S.D.J.
               All Parties